**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION, CINCINNATI**

| | | |
|---|---|---|
| **BUZZ SEATING INC.,** | : | |
| | : | Case No. 1:16-cv-1131 |
| Plaintiff, | : | (JUDGE SUSAN J. DLOTT) |
| | : | |
| v. | : | |
| | : | **ANSWER AND COUNTERCLAIM OF** |
| **ENCORE SEATING, INC.,** | : | **DEFENDANT ENCORE SEATING, INC.** |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |

Defendant Encore Seating, Inc. ("Encore" or "Defendant") hereby Answers the

Complaint of Plaintiff Buzz Seating Inc. ("Buzz Seating" or "Plaintiff") as follows:

## PARTIES, JURISDICTION, AND VENUE[1]

1.      Responding to Paragraph 1 of the Complaint, upon information and belief, Encore

admits that Buzz Seating is an Ohio Corporation.  Upon information and belief, Encore denies

that Buzz Seating manufactures, markets, sells, and delivers office chairs nationwide.  Encore

lacks sufficient knowledge or information to form a belief as to the truth or falsity of the

remaining allegations in Paragraph 1 of the Complaint and, therefore, denies each and every

remaining allegation in Paragraph 1 on that basis.

2.      Responding to Paragraph 2 of the Complaint, Encore admits that it is a California

Corporation and has a place of business at 5692 Fresca Drive, La Palma, California.  Encore

denies all remaining allegations in Paragraph 2 of the Complaint.

---

[1] Encore has incorporated the headings and sub-headings that appear in the Complaint to facilitate the
Court's comparison of the allegations in the Complaint and Encore's responses to those allegations.  Use of these
headings and sub-headings in Encore's Answer is in no way an admission that Encore agrees with the statements or
allegations in these headings or sub-headings.

3.      Paragraph 3 of the Complaint contains legal conclusions to which no answer is required.  To the extent that an answer is required, Encore admits that subject matter jurisdiction exists for federal claims arising under 15 U.S.C. §§ 1331 and 1338(a), but denies that any grounds exist for such claims.  Except as expressly admitted, Encore denies each and every remaining allegation contained in Paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint contains legal conclusions to which no answer is required.  To the extent that an answer is required, Encore denies each and every allegation in Paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint contains legal conclusions to which no answer is required.  Responding to the remaining allegations in Paragraph 5, Encore admits that Bielefeld Group markets and sells Encore's products in Youngstown, Ohio.  Encore admits that it sells, ships, and delivers its products throughout the United States and has accepted orders from Ohio customers and shipped its FLITE chair to Ohio.  Encore denies that its FLITE chair infringes any trademark rights of Buzz Seating and denies each and every remaining allegation contained in Paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint contains legal conclusions to which no answer is required.  To the extent that an answer is required, Encore denies the allegations contained in Paragraph 6 of the Complaint.

## NATURE OF CLAIMS

7.      Upon information and belief, Encore denies that Buzz Seating manufactures, advertises, markets, distributes, and sells a number of lines and models of chairs throughout the United States.  Encore lacks sufficient knowledge or information to form a belief as to the truth

2

or falsity of the remaining allegations in Paragraph 7 of the Complaint and, therefore, denies each and every remaining allegation in Paragraph 7 on that basis.

8. Encore lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 8 of the Complaint and, therefore, denies each and every allegation in Paragraph 8 on that basis.

9. Responding to Paragraph 9 of the Complaint, Encore admits that Buzz Seating has sold a chair bearing the name "Flite." Encore denies any remaining allegations in Paragraph 9 of the Complaint.

10. Encore admits that it manufactures and sells, among other things, commercial office seating. Except as expressly admitted, Encore denies each and every remaining allegation contained in Paragraph 10 of the Complaint.

11. Encore denies the allegations contained in Paragraph 11 of the Complaint.

12. Encore admits that it has manufactured, marketed, advertised, sold, and distributed office chairs using the name FLITE. Except as expressly admitted, Encore denies each and every remaining allegation contained in Paragraph 12 of the Complaint.

13. Encore admits that the parties previously engaged in an action before the Trademark Trial and Appeal Board ("TTAB"). Encore admits that it is aware of Buzz Seating's use of the name "Flite." Except as expressly admitted, Encore denies each and every remaining allegation contained in Paragraph 13 of the Complaint.

14. Encore denies the allegations contained in Paragraph 14 of the Complaint.

15. Encore denies the allegations contained in Paragraph 15 of the Complaint.

16. Encore admits that this action purports to seek to recover damages arising from alleged infringement of the mark FLITE. Encore admits that this action purports to seek to

enjoin Encore's use of the mark FLITE.  Encore denies that Buzz Seating is entitled to the relief requested in Paragraph 16 of the Complaint.  Except as expressly admitted, Encore denies each and every remaining allegation contained in Paragraph 16 of the Complaint.

17.     Encore admits that Buzz Seating purports to be seeking monetary damages under the Lanham Act, state and common law.  Encore admits that Buzz Seating purports to be seeking an accounting and imposition of a constructive trust, injunctive relief and attorney's fees and costs.  Encore denies that Buzz Seating is entitled to the relief requested in Paragraph 17 of the Complaint.  Except as expressly admitted, Encore denies each and every remaining allegation contained in Paragraph 17 of the Complaint.

18.      Encore admits that Buzz Seating purports to be seeking declaratory judgment pursuant to 15 U.S.C. § 1052.  Encore denies that Buzz Seating is entitled to the relief requested in Paragraph 18 of the Complaint.  Except as expressly admitted, Encore denies each and every remaining allegation contained in Paragraph 18 of the Complaint.

**TRADEMARK TRIAL AND APPEAL BOARD OPPOSITION NO. 91210838**

19.     Admitted.

20.     Responding to Paragraph 20 of the Complaint, Encore admits that, on May 29, 2013, Buzz Seating filed a Notice of Opposition to Encore's Application Serial No. 85473489 ("Opposition") with the TTAB.  Encore admits that Buzz Seating's Opposition alleged a likelihood of confusion.  Except as expressly admitted, Encore denies each and every remaining allegation contained in Paragraph 20 of the Complaint.

21.     Encore denies the allegations in Paragraph 21 of the Complaint.

22.     Admitted.

23.     Admitted.

4

24.     Encore admits that, during the Opposition proceedings, the parties exchanged Interrogatories and Requests for Production of Documents, and conducted depositions. Except as expressly admitted, Encore denies each and every remaining allegation contained in Paragraph 24 of the Complaint.

25.     Encore admits that, during the Opposition proceedings, the parties submitted Notices of Reliance and Merit Briefs to the TTAB.  Except as expressly admitted, Encore denies each and every remaining allegation contained in Paragraph 25 of the Complaint.

26.     Encore denies the allegations contained in Paragraph 26 of the Complaint.

27.     Encore admits that on August 23, 2016 the TTAB issued its opinion sustaining Buzz Seating's Opposition ("TTAB Opinion").  Encore admits that Exhibit A purports to be the TTAB Opinion in Opposition No. 91210838.  Encore admits that the TTAB's holdings and statements are as expressly set forth in the TTAB Opinion based solely on the goods and channels of trade set forth in Encore's application for registration of the mark FLITE.  Encore denies that the TTAB made any determination regarding Encore's use of the mark FLITE as it is actually used on goods in the marketplace and denies all remaining allegations in Paragraph 27.

## **TTAB OPINION IN OPPOSITION NO. 91210838**

28.     Admitted.

29.     Responding to Paragraph 29 of the Complaint, Encore admits that the TTAB Opinion stated that Applicant and Buzz Seating submitted evidence by Notice of Reliance. Encore denies that all evidence submitted by Notice of Reliance was of record and denies each and every remaining allegation contained in Paragraph 29 of the Complaint.

30.     Responding to Paragraph 30 of the Complaint, Encore admits that the TTAB's holdings and statements are as expressly set forth in the TTAB Opinion based solely on the

goods and channels of trade set forth in Encore's application for registration of the mark FLITE. Encore denies that the TTAB made any determination regarding Encore's use of the mark FLITE as it is actually used on goods in the marketplace and denies all remaining allegations in Paragraph 30.

<u>PLAINTIFF'S PRIOR USE OF FLITE MARK</u>

31.     Encore lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 31 of the Complaint and, therefore, denies each and every allegation in Paragraph 31 on that basis.

32.     Encore lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 32 of the Complaint and, therefore, denies each and every allegation in Paragraph 32 on that basis.

33.     Encore lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 33 of the Complaint and, therefore, denies each and every allegation in Paragraph 33 on that basis.

34.     Encore lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 34 of the Complaint and, therefore, denies each and every allegation in Paragraph 34 on that basis.

35.     Upon information and belief, Encore denies the allegations contained in Paragraph 35 of the Complaint.

36.     Upon information and belief, Encore denies the allegations contained in Paragraph 36 of the Complaint.

37.     Encore lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 37 of the Complaint and, therefore, denies each and every allegation in Paragraph 37 on that basis.

38.     Encore lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 38 of the Complaint and, therefore, denies each and every allegation in Paragraph 38 on that basis.

39.     Encore lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 39 of the Complaint and, therefore, denies each and every allegation in Paragraph 3 on that basis.

40.     Encore lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 40 of the Complaint and, therefore, denies each and every allegation in Paragraph 40 on that basis.

41.     Admitted.

42.     Admitted.

43.     Responding to Paragraph 43 of the Complaint, Encore admits that the TTAB's holdings and statements are as expressly set forth in the TTAB Opinion.  Except as expressly admitted, Encore denies each and every remaining allegation contained in Paragraph 43 of the Complaint.

44.     Paragraph 44 of the Complaint contains legal conclusions to which no answer is required.  To the extent that an answer is required, Encore admits that the TTAB's holdings and statements are as expressly set forth in the TTAB Opinion.  Except as expressly admitted, Encore denies each and every remaining allegation contained in Paragraph 44 of the Complaint.

45.     Paragraph 45 of the Complaint contains legal conclusions to which no answer is required.  To the extent that an answer is required, Encore admits that the TTAB's holdings and statements are as expressly set forth in the TTAB Opinion.  Except as expressly admitted, Encore denies each and every remaining allegation contained in Paragraph 45 of the Complaint.

<u>LIKELIHOOD OF CONFUSION BETWEEN PLAINTIFF'S AND FLITE MARK AND ENCORE'S FLITE MARK</u>

46.     Responding to Paragraph 46 of the Complaint, Encore admits that the TTAB's holdings and statements are as expressly set forth in the TTAB Opinion based solely on the goods and channels of trade set forth in Encore's application for registration of the mark FLITE. Encore denies that the TTAB made any determination regarding Encore's use of the mark FLITE as it is actually used on goods in the marketplace and denies each and every remaining allegation contained in Paragraph 46 of the Complaint.

47.     Responding to Paragraph 47 of the Complaint, Encore admits that the TTAB evaluated evidence in the record based solely on the goods and channels of trade set forth in Encore's application for registration of the mark FLITE.  Encore denies that the TTAB made any evaluation of Encore's use of the mark FLITE as it is actually used on goods in the marketplace and denies all remaining allegations in Paragraph 47 of the Complaint.

48.     Paragraph 48 of the Complaint contains legal conclusions to which no answer is required.  To the extent that an answer is required, Encore denies the allegations contained in Paragraph 48 of the Complaint.

49.     Responding to Paragraph 49 of the Complaint, Encore admits that the TTAB's holdings and statements are as expressly set forth in the TTAB Opinion and include specific findings of fact regarding the goods and channels of trade set forth in Encore's application for registration of the mark FLITE.  Encore denies that the TTAB made any findings of fact

regarding Encore's use of the mark FLITE as it is actually used on goods in the marketplace and denies that the TTAB made any finding of "bad faith." Except as expressly admitted, Encore denies each and every remaining allegation contained in Paragraph 49 of the Complaint.

50. Responding to Paragraph 50 of the Complaint, Encore admits that the TTAB's holdings and statements are as expressly set forth in the TTAB Opinion based solely on the goods and channels of trade set forth in Encore's application for registration of the mark FLITE. Encore denies that the TTAB made any determination regarding Encore's use of the mark FLITE as it is actually used on goods in the marketplace and denies each and every remaining allegation contained in Paragraph 50 of the Complaint.

<u>Similarity of the Mark</u>

51. Encore admits that it has used the mark FLITE. Encore lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of allegations in Paragraph 51 of the Complaint and, therefore, denies each and every remaining allegation contained in Paragraph 51 of the Complaint.

52. Encore admits that in its Answer to the Notice of Opposition Encore stated "Applicant admits Opposer's purported mark is identical to Applicant's mark. Applicant does not admit that Opposer owns a valid mark for the word FLITE." Except as expressly admitted, Encore denies each and every remaining allegation contained in Paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint contains legal conclusions to which no answer is required. To the extent that an answer is required, Encore admits that the TTAB's holdings and statements are expressly as set forth in the TTAB Opinion. Except as expressly admitted, Encore denies each and every remaining allegation contained in Paragraph 53 of the Complaint.

<u>Similarity of the Goods</u>

54.     Encore denies each and every allegation contained in Paragraph 54 of the Complaint.

55.     Encore admits that Buzz Seating sells side chairs using the name "Flite."  Except as expressly admitted, Encore denies each and every remaining allegation contained in Paragraph 55 of the Complaint.

56.     Responding to Paragraph 56 of the Complaint, Encore admits that the TTAB's holdings and statements are as expressly set forth in the TTAB Opinion based solely on the goods and channels of trade set forth in Encore's application for registration of the mark FLITE. Encore denies that the TTAB made any determination regarding Encore's use of the mark FLITE as it is actually used on goods in the marketplace and denies each and every remaining allegation contained in Paragraph 56 of the Complaint.

57.     Encore admits that it argued that its FLITE chairs are premium executive chairs sold to corporate customers for use behind a desk or in a conference room.  Encore also admits that it argued that a person purchasing a stacking chair such as Buzz Seating's Flite chairs would not buy an executive chair or vice-versa.  Encore denies all remaining allegations in Paragraph 57.

58.     Encore admits that the TTAB Opinion states, "The question is not whether consumers will confuse the chairs, but whether they will be confused as to the source of the goods."  Encore denies all remaining allegations contained in Paragraph 58 of the Complaint.

59.     Responding to Paragraph 59 of the Complaint, Encore admits that the TTAB's holdings and statements are as expressly set forth in the TTAB Opinion based solely on the goods and channels of trade set forth in Encore's application for registration of the mark FLITE.

Encore denies that the TTAB made any determination regarding Encore's use of the mark FLITE as it is actually used on goods in the marketplace and denies each and every remaining allegation contained in Paragraph 59 of the Complaint.

60. Responding to Paragraph 60 of the Complaint, Encore admits that the TTAB's holdings and statements are as expressly set forth in the TTAB Opinion based solely on the goods and channels of trade set forth in Encore's application for registration of the mark FLITE. Encore denies that the TTAB made any determination regarding Encore's use of the mark FLITE as it is actually used on goods in the marketplace and denies each and every remaining allegation contained in Paragraph 60 of the Complaint.

<u>Similarity of Channels of Trade the Goods are Offered</u>

61. Responding to Paragraph 61 of the Complaint, Encore admits that the TTAB's holdings and statements are as expressly set forth in the TTAB Opinion based solely on the goods and channels of trade set forth in Encore's application for registration of the mark FLITE. Encore denies that the TTAB made any determination regarding Encore's use of the mark FLITE as it is actually used on goods in the marketplace and denies each and every remaining allegation contained in Paragraph 61 of the Complaint.

62. Responding to Paragraph 62 of the Complaint, Encore admits that the TTAB's holdings and statements are as expressly set forth in the TTAB Opinion based solely on the goods and channels of trade set forth in Encore's application for registration of the mark FLITE. Encore denies that the TTAB made any determination regarding Encore's use of the mark FLITE as it is actually used on goods in the marketplace and denies each and every remaining allegation contained in Paragraph 62 of the Complaint.

Conditions sales are Made and the Class of Purchases to Whom the Sales are Made

63.     Encore denies the allegations in Paragraph 63 of the Complaint.

64.     Responding to Paragraph 64 of the Complaint, Encore admits that the TTAB analysis was based solely on Buzz Seating's common law rights.  Encore denies all remaining allegations in Paragraph 64 of the Complaint.

65.     Responding to Paragraph 65 of the Complaint, Encore admits that the TTAB assumed "that the ultimate purchasers of [Opposer's] chairs are companies or institutions that would exercise care in their purchasing decisions."  Encore denies all remaining allegations in Paragraph 65 of the Complaint.

66.     Responding to Paragraph 66 of the Complaint, Encore admits that the TTAB's holdings and statements are as expressly set forth in the TTAB Opinion based solely on the goods and channels of trade set forth in Encore's application for registration of the mark FLITE. Encore denies that the TTAB made any determination regarding Encore's use of the mark FLITE as it is actually used on goods in the marketplace and denies each and every remaining allegation contained in Paragraph 66 of the Complaint.

Other Factors:  Good Faith and Actual Confusion

67.     Paragraph 67 of the Complaint contains legal conclusions to which no answer is required.  To the extent that an answer is required, Encore admits that the TTAB's holdings and statements are as expressly set forth in the TTAB Opinion.  Except as expressly admitted, Encore denies each and every remaining allegation contained in Paragraph 67 of the Complaint.

68.     Paragraph 68 of the Complaint contains legal conclusions to which no answer is required.  To the extent that an answer is required, Encore admits that the TTAB's holdings and

statements are as expressly set forth in the TTAB Opinion. Except as expressly admitted, Encore denies each and every remaining allegation contained in Paragraph 68 of the Complaint.

Encore Did Not Seek Review of Appeal the TTAB Decision

69.     Admitted.

70.     Paragraph 70 of the Complaint contains legal conclusions to which no answer is required. To the extent that an answer is required, Encore admits that reconsideration or modification of a decision issued after a final hearing must be filed in accordance with TTAB Rule §2.129(c).

71.     Paragraph 71 of the Complaint contains legal conclusions to which no answer is required. To the extent that an answer is required, Encore admits that a party can file an appeal to the United States Court of Appeals for the Federal Circuit pursuant to 37 C.F.R. §2.145.

72.     Paragraph 72 of the Complaint contains legal conclusions to which no answer is required. To the extent that an answer is required, Encore admits that the deadline to seek reconsideration or modification or file an appeal of the TTAB's Opinion has passed.

73.     Encore denies each and every allegation contained in Paragraph 73 of the Complaint.

CONCURRENT USE APPLICATION FILED BY ENCORE

74.     Admitted.

75.     Admitted.

76.     Admitted.

77.     Encore denies each and every allegation contained in Paragraph 77 of the Complaint.

78.     Admitted.

79.     Admitted.

80.     Admitted.

81.     Admitted.

82.     Encore admits that its Application Serial No. 87245914 states on its face that "the concurrent user is the owner of Application Serial No. 85860663."  Except as expressly admitted, Encore denies each and every remaining allegation contained in Paragraph 82 of the Complaint.

83.     Encore admits that, when filed, Application Serial No. 87245914 stated that "The geography areas in which the concurrent user is using the mark in commerce is Ohio, the mode of use by the concurrent user is unknown by [Encore] at this time, and the period of use by the concurrent is not fully known by [Encore] at this time."  Except as expressly admitted, Encore denies each and every remaining allegation contained in Paragraph 83 of the Complaint.

84.     Encore denies each and every allegation contained in Paragraph 84 of the Complaint.

85.     Encore denies each and every allegation contained in Paragraph 85 of the Complaint.

86.     Encore denies each and every allegation contained in Paragraph 86 of the Complaint.

87.     Encore denies each and every allegation contained in Paragraph 87 of the Complaint.

88.     Admitted.

89.     Admitted.

90.     Encore denies each and every allegation contained in Paragraph 90 of the Complaint.

91.     Encore denies each and every allegation contained in Paragraph 91 of the Complaint.

92.     Encore denies each and every allegation contained in Paragraph 92 of the Complaint.

93.     Encore denies each and every allegation contained in Paragraph 93 of the Complaint.

94.     Encore denies each and every allegation contained in Paragraph 94 of the Complaint.

95.     Encore denies each and every allegation contained in Paragraph 95 of the Complaint.

96.     Encore denies each and every allegation contained in Paragraph 96 of the Complaint.

97.     Encore denies each and every allegation contained in Paragraph 97 of the Complaint.

98.     Encore denies each and every allegation contained in Paragraph 98 of the Complaint.

99.     Encore lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 99 of the Complaint and, therefore, denies each and every allegation in Paragraph 99 on that basis.

100.    Encore denies each and every allegation contained in Paragraph 100 of the Complaint.

<u>CLAIM ONE</u>
<u>(15 U.S.C. § 1114 – Trademark Infringement)</u>

101.    Encore incorporates by reference its responses to Paragraphs 1 to 100 of this Answer as if fully set forth herein.

102.    Encore denies each and every allegation contained in Paragraph 102 of the Complaint.

103.    Paragraph 103 of the Complaint contains legal conclusions to which no answer is required.  To the extent that an answer is required, Encore denies the allegations in Paragraph 103 of the Complaint.

104.    Encore denies each and every allegation contained in Paragraph 104 of the Complaint.

105.    Encore denies each and every allegation contained in Paragraph 105 of the Complaint.

106.    Encore denies each and every allegation contained in Paragraph 106 of the Complaint.

107.    Encore denies each and every allegation contained in Paragraph 107 of the Complaint.

108.    Encore denies each and every allegation contained in Paragraph 108 of the Complaint.

109.    Encore denies each and every allegation contained in Paragraph 109 of the Complaint..

110.    Encore denies each and every allegation contained in Paragraph 110 of the Complaint.

111.    Encore denies each and every allegation contained in Paragraph 111 of the Complaint.

112.    Encore denies each and every allegation contained in Paragraph 112 of the Complaint.

113.    Encore denies each and every allegation contained in Paragraph 113 of the Complaint.

114.    Encore denies each and every allegation contained in Paragraph 114 of the Complaint.

115.    Encore admits the allegations of Paragraph 115 of the Complaint.

116.    Encore denies that it has engaged in any wrongful conduct and denies each and every remaining allegation contained in Paragraph 116 of the Complaint.

117.    Encore denies each and every allegation contained in Paragraph 117 of the Complaint.

118.    Encore denies each and every allegation contained in Paragraph 118 of the Complaint.

119.    Encore denies each and every allegation contained in Paragraph 119 of the Complaint.

120.    Encore denies each and every allegation contained in Paragraph 120 of the Complaint.

## CLAIM TWO
### (15 U.S.C. § 1125, et seq. – False Designation of Origin, False Description and Representation of Plaintiff's FLITE MARK)

121.    Encore incorporates by reference its responses to Paragraphs 1 to 120 of this Answer as if fully set forth herein.

17

122.    Encore denies each and every allegation contained in Paragraph 122 of the Complaint.

123.    Encore denies each and every allegation contained in Paragraph 123 of the Complaint.

124.    Encore denies each and every allegation contained in Paragraph 124 of the Complaint.

125.    Encore denies each and every allegation contained in Paragraph 125 of the Complaint.

126.    Encore denies each and every allegation contained in Paragraph 126 of the Complaint.

127.    Encore denies each and every allegation contained in Paragraph 127 of the Complaint.

128.    Encore denies each and every allegation contained in Paragraph 128 of the Complaint.

129.    Encore denies each and every allegation contained in Paragraph 129 of the Complaint.

130.    Encore denies that Buzz Seating is entitled to the relief requested in Paragraph 130 of the Complaint.

<u>CLAIM THREE</u>
<u>(Violation of the Ohio Deceptive Trade Practices Act – Ohio Revised Code Chapter § 4165.01, et seq.)</u>

131.    Encore incorporates by reference its responses to Paragraphs 1 to 130 of this Answer as if fully set forth herein.

132.    Encore denies each and every allegation contained in Paragraph 132 of the Complaint.

18

133.    Encore denies each and every allegation contained in Paragraph 133 of the Complaint.

134.    Encore denies each and every allegation contained in Paragraph 134 of the Complaint.

135.    Encore denies each and every allegation contained in Paragraph 135 of the Complaint

CLAIM FOUR<br>(Unfair Competition)

136.    Encore incorporates by reference its responses to Paragraphs 1 to 135 of this Answer as if fully set forth herein.

137.    Encore denies each and every allegation contained in Paragraph 137 of the Complaint.

138.    Encore denies each and every allegation contained in Paragraph 138 of the Complaint.

139.    Encore denies that Buzz Seating is entitled to the relief requested in Paragraph 139 of the Complaint.

CLAIM FIVE<br>(Accounting)

140.    Encore incorporates by reference its responses to Paragraphs 1 to 139 of this Answer as if fully set forth herein.

141.    Encore denies that Buzz Seating is entitled to the relief requested in Paragraph 141 of the Complaint.

142.    Encore denies that Buzz Seating is entitled to the relief requested in Paragraph 142 of the Complaint.

143.    Encore denies that any damages or money is owed from Encore to Buzz Seating and denies any remaining allegations in Paragraph 143 of the Complaint.

### CLAIM SIX
### (Declaratory Judgment)

144.    Encore incorporates by reference its responses to Paragraphs 1 to 144 of this Answer as if fully set forth herein.

145.    Encore denies that Buzz Seating is entitled to the relief requested in Paragraph 145 of the Complaint.

### PRAYER FOR RELIEF

Encore denies all allegations not specifically admitted herein, and further denies that Buzz Seating is entitled to the judgment and relief requested in paragraphs A-K of the Complaint or to any other relief.

### **AFFIRMATIVE DEFENSES**

Without prejudice to the denials set forth in its responses to Paragraphs 1 through 145 of the Complaint, Encore sets forth the following defenses.  Encore expressly reserves the right to allege additional defenses as they become known through the course of discovery.  Encore does not intend hereby to assume the burden of proof with respect to those matters on which, under law, Buzz Seating bears the burden of proof.

### **First Affirmative Defense**

This Court lacks personal jurisdiction over Encore.

### **Second Affirmative Defense**

This judicial district is not a proper venue for this action.

**<u>Third Affirmative Defense</u>**

Buzz Seating's claims are barred by the doctrine of laches, waiver, estoppel, and/or acquiescence.

**<u>Fourth Affirmative Defense</u>**

Buzz Seating's Complaint and each cause of action within it, fails to state a claim upon which relief can be granted.

**<u>Fifth Affirmative Defense</u>**

Buzz Seating lacks any legally protected mark or other intellectual property right that the Complaint alleges to have been violated.

**<u>Sixth Affirmative Defense</u>**

Buzz Seating's alleged mark "FLITE" has not acquired any secondary meaning associated with Buzz Seating and does not function as a trademark for Buzz Seating.

**<u>Seventh Affirmative Defense</u>**

Buzz Seating's claims are barred by the doctrine of unclean hands.

**<u>Eighth Affirmative Defense</u>**

Buzz Seating's claims are barred by its failure to mitigate damages.

**<u>Ninth Affirmative Defense</u>**

Buzz Seating's claims are barred because Buzz Seating has not used the name "Flite" in regions of the United States, and Encore has senior rights in the mark in those regions.

**<u>Tenth Affirmative Defense</u>**

Buzz Seating's claims are barred by relevant statutes of limitation.

**Eleventh Affirmative Defense**

Buzz Seating's claims are barred because Buzz Seating has abandoned its rights in the alleged "FLITE" mark.

**Twelfth Affirmative Defense**

Buzz Seating's claims are barred because Buzz Seating's use of the name "Flite" has been *de minimis* in regions of the United States.

**COUNTERCLAIMS**

Counterclaim Plaintiff Encore Seating, Inc. ("Encore") for its Counterclaims against Buzz Seating Inc. ("Buzz Seating") alleges as follows:

**I.  Parties**

1.  Counterclaim Plaintiff Encore is a California Corporation with a place of business at 5692 Fresca Drive, La Palma, California.

2.  Upon information and belief, Counterclaim Defendant Buzz Seating is an Ohio Corporation with its principle place of business located at 623 North Wayne Avenue, Cincinnati, Ohio.

3.  Buzz Seating has submitted to the personal jurisdiction of this Court by virtue of filing its Complaint.

**II.  Jurisdiction and Venue**

4.  This Court has subject matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338 because it arises under the federal Lanham Act relating to trademarks (15 U.S.C. § 1051 et seq.). This action also includes requests for declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202.

5.  Venue is proper in this district under 28 U.S.C. § 1391 and because Buzz Seating has submitted to venue in this Court by reason of the filing of its Complaint.

### III. Allegations Common to All Claims for Relief

6.  Before adopting the mark FLITE in 2011, Encore searched an industry group publication listing brand names in the industry and searched registered marks to make sure that no other furniture maker used the mark FLITE.

7.  Although, Buzz Seating claims it began using the word "Flite" in 2004, it never registered it as a mark and was not listed as using "Flite" in any industry listing.

8.  After conducting searches to clear the mark, Encore filed an application to register FLITE on an intent-to-use basis on November 15, 2011, Application Serial No. 85473489, and shortly after began using the mark in December 2011.

9.  Encore was not aware of Buzz Seating using the word "Flite" until Buzz Seating filed its Notice of Opposition to Encore's Application Serial No. 85473489.

10. Buzz Seating's use of the word "Flite" has been *de minimis* or non-existent in all but a handful of states.  In the remaining states, Encore has prior rights through filing its intent-to-use application and through its sales of FLITE executive chairs across the country since 2011.

11. Buzz Seating's Flite stacking chairs are vastly different from Encore's FLITE executive chairs, are not sold to the same customers, and do not compete in the marketplace.

12. Encore's FLITE executive chair is a premium executive chair sold to corporate customers for use behind a desk or in a conference room.

13. Buzz Seating's Flite stacking chair is a value-priced or inexpensive stacking chair for lobbies, cafeterias, and meeting areas.

14. Buzz Seating's stacking chairs lack many of the features of executive chairs such as the ability to be adjusted, to tilt, and to roll on casters.  Buzz Seating's stacking chairs also have a cheaper appearance than an executive chair.

15. A purchaser of Encore's FLITE executive chair would never consider Buzz Seating's Flite stacking chair as an alternative and vice-versa.

16. Purchasers of Encore's FLITE executive chairs do not buy these types of chairs on impulse but rather spend time learning about and examining the chairs before making a purchase.

### IV. First Cause of Action: Declaratory Judgment of Non-Infringement

17. Encore incorporates by reference and realleges all previous paragraphs as though fully set forth herein.

18. There is an actual controversy within the meaning of 28 U.S.C. § 2201 between Encore and Buzz Seating regarding alleged infringement of the mark FLITE.

19. Because of the many differences between Encore's FLITE executive chairs and Buzz Seating's Flite stacking chairs, there is no likelihood of confusion. Accordingly, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Encore requests a declaration by the Court that it does not infringe any valid trademark rights of Buzz Seating.

### V. Second Cause of Action: Declaratory Judgment of Priority of Registration
### (Contingent on the Court Not Granting Encore's First Cause of Action Above)

20. Encore incorporates by reference and realleges all previous paragraphs as though fully set forth herein.

21. There is an actual controversy within the meaning of 28 U.S.C. § 2201 between Encore and Buzz Seating regarding alleged infringement of the mark "FLITE" and the validity of Buzz Seating's allegations that it owns nationwide rights in the mark "FLITE."

22. Pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, the district court may determine the right to registration of a trademark, among other things, in any action involving a registered mark.

23. Buzz Seating owns pending U.S. Trademark Application Serial No. 85860663, seeking a nationwide registration for the mark FLITE for a "side chair" in Class 20.  Buzz Seating filed this application on February 26, 2013.

24. Buzz Seating is not entitled to a nationwide registration for the mark FLITE because Buzz Seating has only used the mark FLITE in a handful of states, and Encore has senior rights in the mark FLITE in a large number of states.

25. Accordingly, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*., Encore requests a declaration by the Court that Buzz Seating is not entitled to nationwide registration for the mark FLITE and directing the U.S. Trademark Office to reject Buzz Seating's U.S. Trademark Application Serial No. 85860663.

26. Encore further requests a declaration by the Court that Encore has senior rights in the mark FLITE in all states in which Buzz Seating did not have bona fide sales prior to Encore's filing of its U.S. Trademark Application Serial No. 85473489, and in all states where Buzz Seating's purported use of the name "Flight" has been *de minimis*.

## **PRAYER FOR RELIEF**

WHEREFORE, Encore prays for judgment as follows:

A.      That Buzz Seating take nothing by way of its Complaint;

B.      That the Complaint, and each and every purported claim for relief, be dismissed with prejudice;

C.      That Judgement be entered declaring that Encore is not infringing any trademark rights of Buzz Seating in the mark FLITE.

D.      If the Court does not grant the relief requested in Paragraph C above, that Judgement be entered declaring that that Buzz Seating is not entitled to nationwide registration for the mark FLITE and directing the U.S. Trademark Office to reject Buzz Seating's U.S. Trademark Application Serial No. 85860663.

E.      If the Court does not grant the relief requested in Paragraph C above, that Judgement be entered declaring that Encore has senior rights in the mark FLITE in all states in which Buzz Seating did not have bona fide sales prior to Encore's filing its U.S. Trademark Application Serial No. 85473489 and in all states where Buzz Seating's use of the name "Flight" has been *de minimis*.

F.      That the Court award Encore its reasonable attorneys' fees, including, but not limited to, under 15 U.S.C. § 1117;

G.      That the Court award Encore its costs incurred in connection with defending this action; and

H.      For such other further relief as the Court deems appropriate.

Respectfully submitted,

*/s/ John D. Luken*
John D. Luken, Trial Attorney (0013326)
Jason B. Portis (0096059)
Dinsmore & Shohl, LLP
1900 First Financial Bank Center
255 East Fifth Street
Cincinnati, OH 45202
Phone: 513-977-8200

*Attorneys for Defendant*
*Encore Seating, Inc.*

Of Counsel:

Steven Nataupsky
Lauren Keller Katzenellenbogen
Hans L. Mayer
Knobbe, Martens, Olson & Bear, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Phone: 949-760-0404

## CERTIFICATE OF SERVICE

I certify that on March 7, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

Theresa L. Nelson
Strauss Troy Co, LPA
150 East Fourth Street
Cincinnati, OH 45202
*tlnelson@strausstroy.com*

*/s/ John D. Luken*
Counsel for Defendant

25390604
030217

27